UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **JACOB HORN**, individually and on behalf of all others similarly situated,<br><br>      *Plaintiff*,<br><br>v.<br><br>**ICAN BENEFIT GROUP LLC** a Florida limited liability company,<br><br>      *Defendant*. | **CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CASE NO:** |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Jacob Horn ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant iCan Benefit Group LLC ("iCan" or "Defendant iCan") to stop its practice of sending unwanted autodialed text messages to cellular telephones without consent, and to obtain redress, including injunctive relief, for all persons injured by its conduct. Plaintiff Horn, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1.  Defendant provides consumer with various choices of health insurance and provides guidance to consumers on which health insurance option to choose.[1]

2.  Unfortunately for consumers, Defendant sends text messages to consumers who have not signed up for Defendant's services. That is, in an attempt to solicit a response from

---

[1] http://www.icanbenefit.com/about-us.

consumers who have not signed up for Defendant's services, and to ultimately increase Defendant's revenue by encouraging consumers to purchase its services, Defendant conducted (and continues to conduct) a wide-scale solicitation campaign that features the sending of repeated unsolicited text messages to consumers' cellular telephones—without consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

3.      As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

4.      Yet, in violation of this rule, Defendant fails to obtain any prior express written consent to send text messages to consumers' cellular telephone numbers.

5.      Text messages, like the ones sent in the instant action, are considered calls under the TCPA. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115, ¶ 165 (July 3, 2003); *see also Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 954 (9th Cir. 2009) (noting that text messaging is a form of communication used primarily between telephones and is therefore consistent with the definition of a "call").

## COMMON ALLEGATIONS

6.      Defendant sends text messages to consumers' cellular telephones in an attempt to solicit business and promote its brokerage services in the heath insurance industry.

7.      Defendant sends solicitation text messages from telephone numbers 972-676-9444 (the "9444 Number") and 267-507-4216 (the "4216 Number"), among others.

2

8. In sending these solicitation text messages, Defendant takes no steps to acquire the oral or written prior express consent of the Plaintiff, or the Class Members who received the unsolicited text messages.

9. Defendant made, or had made on its behalf, the same (or substantially the same) solicitation text message calls *en masse* to thousands of cellular telephone numbers throughout the United States.

10. In sending the unsolicited text messages at issue in this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Defendant or its agent has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse,* in an automated fashion without human intervention. Defendant's ATDS includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention).

11. In fact, Defendant advertises its use of automated technology to contact consumers on its very own website. On its website, Defendant states that it may use automated technology, prerecorded messages, and texts to contact you. The image below is taken from the link, http://www.icanbenefit.com/webform/get-your-free-quote-here.

[screenshot of iCanBenefit.com "Get Your FREE Quote Here!" webform with fields for First Name, Last Name, Email, Phone Number, State, a consent checkbox, and a "Get My FREE Quote!" button]

[close-up of the consent checkbox text: "By pressing submit, I expressly consent to be contacted by iCan/HCCUA, via telephone calls, pre-recorded messages, text messages and faxes, at the phone numbers you entered into the webpage or any additional numbers you provide to us later, including wireless numbers to market products and services. This electronic consent is not required to make a purchase or get a quote."]

12. In fact, one former employee went online to voice her view and revealed Defendant's dialer when she wrote "Stop manipulating the dialer to decide who eats and who does not."[3]

13. Defendant was and is aware that its unsolicited text messages were and are being made without the prior express written consent of the text message recipients.

14. Defendant knowingly sent (and continues to send) unsolicited text messages to cellular telephones without the prior express written consent of the recipients. In so doing,

---

[2] The image from http://www.icanbenefit.com/webform/get-your-free-quote-here reads, "By pressing submit, I expressly consent to be contacting by iCan/HCCUA, via telephone calls, pre-recorded messages, **text messages** and faxes, at the phone numbers you entered into the webpage or any additional numbers you provide us later, **including wireless numbers to market products and services**." (Emphasis added).

[3] https://www.glassdoor.com/Reviews/iCan-Benefit-Reviews-E318771.htm

4

Defendant not only invaded the personal privacy of Plaintiff and members of the putative Classes, but also intentionally and repeatedly violated the TCPA.

15. Consumers have gone online to voice their complaints and to warn others:

- Robotext from ICAN Benefits - Just received (3) text messages from them and when I answered "who is this" I get a reply as to "Hey, I got your message - give me a quick call to discuss".  I pay extra thru my cell company to be on NOCALL list, so how are they getting through?[4]
- 7.31.17 The TEXT came from 561-220-6338 (Content below in quotes).  I blocked my phone & called back athe 561 # but it just rang & rang.  I did NOT call the 800 # it wanted as it would then be able to track me.  Does anybody know where/what this is from? "We can't wait any longer, the Senate failed but our top rated carriers have plans. Call us 8005630422"[5]
- Text message saying they have checked for lower rates on insurance and found one. Please call them about it.Scam thru computer.[6]
- Offered insurance Texted without consent[7]
- They have been sending text messages from 561-220-2509 and from short code 71557[8]

16. Accordingly, by sending the unsolicited text messages at issue in this Complaint, Defendant caused Plaintiff and the other members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the sending and receipt of such text messages, a loss of value realized for the monies consumers paid to their carriers for the receipt of such text messages, and a loss of the use and enjoyment of their phones, including wear and tear to the related data, memory, software, hardware, and battery components, among other harms.

17. Upon information and belief, and via investigation by Plaintiff's attorneys, each of the text messages sent to Plaintiff and the Classes are affiliated with Defendant.

---

[4] http://whocallsme.com/Phone-Number.aspx/8006010543

[5] http://800notes.com/Phone.aspx/1-800-563-0422.

[6] http://whocallsme.com/Phone-Number.aspx/8006010543.

[7] https://www.numberguru.com/phone/800/601/0543.

[8] *Id.*

5

18. By sending the text messages at issue in this Complaint as discussed *supra*, Defendant caused Plaintiff and the other members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the sending and receipt of such text messages, a loss of value realized for the monies consumers paid to their carriers for the receipt of such text messages, and a loss of the use and enjoyment of their phones, including wear and tear to the related data, memory, software, hardware, and battery components, among other harms.

19. In response to Defendant's unlawful conduct; Plaintiff files this action seeking an injunction requiring Defendant to cease all unwanted solicitation text messaging activities and an award of statutory damages to the members of the Classes under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

20. Plaintiff Jacob Horn is a natural person and resident of Oakland, California.

21. Defendant iCan is a limited liability company organized and existing under the laws of the State of Florida with headquarters located at 5300 Broken Sound Boulevard, Northwest, Suite 200, Boca Raton, Florida 33487. Defendant conducts business throughout this District, the State of Florida, and the United States.

## JURISDICTION AND VENUE

22. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute.

23. This Court has personal jurisdiction over Defendant because Defendant does significant business in the State of Florida, in this District, and because the wrongful conduct giving rise to this case occurred in, was directed from, and/or emanated from this District.

24. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conduct a significant amount of business in this District and the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is additionally proper because Defendant resides in this District.

## FACTS SPECIFIC TO PLAINTIFF JACOB HORN

25. On August 31, 2017 at 10:58 a.m. Horn received a text message on his cellular telephone from (972) 676-9444 stating, "I can save you a lot on your health, auto, home and other insurance coverage! Call us 8008079174 - Reply STOP to prevent further messages[.]" Horn replied by texting, "Stop" and thereafter received a unsubscribed confirmation text.

26. Despite Horn's stop request, on September 6, 2017, at 10:34 a.m. he received another text message on his cellular telephone from (267) 507-4216 stating, "We have the healthcare plans right now, and the price everyone wants.  Lower your rate call 8005630422 - Reply STOP to prevent further messages[.]"

27. The (972) 676-9444 and (267) 507-4216 numbers belong to iCan.[9]

28. A screenshot of the text messages received by Horn is produced below:

---

[9] A live agent holds his or herself out as an agent of iCan Benefit Group upon calling the first number provided in each of the two texts received by Horn; 561-771-6607 and 561-948-6962, respectively.




29.     Horn does not have a relationship with iCan, he has never provided his telephone number directly to iCan, or requested that iCan send text messages to him or alert him of its services.  Simply put, Horn has never provided his prior express written consent to iCan to send text messages to him and has no business relationship with iCan.

30.     By sending unauthorized text messages as alleged herein, iCan has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the text messages disturbed Horn's use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on Horn's phone. In the present case, a consumer could be subjected to many unsolicited text messages, as iCan fails to obtain a consumers' prior express written consent before sending them solicitation text messages.

31.     In order to redress these injuries, Horn, on behalf of himself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited voice and text calls to cellular telephones.

32. On behalf of the proposed Classes, Horn seeks an injunction requiring iCan to cease all unwanted solicitation text messaging activities and an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## CLASS ALLEGATIONS

33. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following two Classes:

> **Autodialed No Consent Class:** All persons in the United States who from a date four years prior to the filing of the initial complaint to the present: (1) Defendant (or a third person acting on behalf of Defendant) sent text messages, (2) to the person's cellular telephone number, (3) for the purpose of selling Defendant's products and/or services, (4) using an automated telephone dialing system, and (5) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to send automated text messages to the Plaintiff.
>
> **Autodialed Stop Class**: All persons in the United States who from a date four years prior to the filing of the initial complaint to the present: (1) Defendant (or a third person acting on behalf of Defendant) text messaged, (2) on the person's cellular telephone, (3) for the purpose of selling Defendant's products and/or services, (4) using an automated telephone dialing system, (4) after the person informed Defendant that s/he no longer wished to receive text messages from Defendant.

34. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated

and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

35.     On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

36.     There are several questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class that may be answered in a single stroke include, but are not necessarily limited to the following:

- (a) whether Defendant's conduct constitutes a violation of the TCPA;
- (b) whether Defendant utilized an automatic telephone dialing system to send text messages to members of the Classes;
- (c) whether members of the Classes are entitled to statutory and treble damages based on the willfulness of Defendant's conduct;
- (d) whether Defendant obtained prior express written consent to contact any Class members; and
- (e) to the extent Defendant's conduct does not constitute telemarketing, whether Defendant obtained prior express oral consent to contact any class members.

37.     The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Classes are the same, resulting in injury to the Plaintiff and to all of the other members of the Classes, including the annoyance and aggravation associated with such messages as well as the loss of data and temporary inability to enjoy and use their cellphones, as a result of the transmission of the solicitation text messages alleged herein. Plaintiff and the other members of the Classes have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct of transmitting solicitation text messages. Plaintiff's claims are typical of the claims of the members of the Classes as all members of the Classes are similarly affected by

Defendant's wrongful conduct. Plaintiff, like all members of the Classes, received unwanted solicitation text messages from Defendant. Plaintiff is advancing the same claims and legal theory on behalf of himself and all absent members of the Classes.

38. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Classes. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Classes. Plaintiff has no interests antagonistic to the interests of other members of the proposed Classes and is subject to no unique defenses. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Classes.

39. The suit may be maintained as a class action under the Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted, and/or has refused to act, on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief.  As the messages continue to be sent in spite of Defendant's failure to get the consumers' prior express written consent to receive the text messages, injunctive relief is necessary and appropriate to require Defendant to discontinue sending unauthorized solicitation text messages.  Likewise, Defendant has acted and fails to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless solicitation text messages at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class.

40. In addition, this suit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Absent a class action, most members of the

Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication. The claims asserted herein are applicable to all customers throughout the United States who received an unsolicited solicitation text message from Defendant. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Classes individually to redress effectively the wrongs done to them. Even if the members of the Classes could afford such litigation, the court system could not. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

41. Adequate notice can be given to the members of the Classes directly using information maintained in Defendant's records or through notice by publication.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed No Consent Class)**

42. Plaintiff repeats and realleges paragraphs 1-40 of this Complaint and incorporates them herein by reference.

43. Defendant and/or its agents agent transmitted unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using equipment that, upon information and belief, had the capacity to store or

12

produce telephone numbers to be called, using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse,* without human intervention. The telephone dialing equipment utilized by Defendants and/or its agent, which is substantially similar to a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner.

44. These solicitation text messages were made *en masse* without human intervention and without the prior express written consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation text messages.

45. At no time did Defendant obtain prior express written consent from the Plaintiff orally or in writing to receive solicitation text messages. Also, at no time did Defendant obtain prior express written consent that contained a disclosure informing Plaintiff or any other consumer that agreeing to receive solicitation text messages was not a condition of the purchase of any property or service.

46. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

47. In the event that the Court determines that Defendant's conduct was wilful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed Stop Class)**

48. Plaintiff incorporates by reference paragraphs 1-40 as if fully set forth herein.

49. Defendant sent unsolicited and unwanted text messages to telephone numbers belonging to Plaintiff and the other members of the Autodialed Stop Class on their cellular telephones after they had informed Defendant by text to stop texting them.

50. Defendant sent the text messages using equipment that had the capacity to store or produce telephone numbers to be called and/or texted using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

51. Defendant utilized equipment that sent the text messages to Plaintiff and other members of the Autodialed Stop Class simultaneously and without human intervention.

52. By sending unsolicited text messages to Plaintiff and other members of the Autodialed Stop Class's cellular telephones using an automated telephone dialing system after they requested to no longer receive such calls, Defendant violated 47 U.S.C. § 227(b)(1)(B) by doing so without prior express written consent.

53. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Autodialed Stop Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and, under Section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500 in damages for each such violation of the TCPA.

54. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed Stop Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Jacob Horn, individually and on behalf of the Classes, prays for the following relief:

55. An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff Horn as the representative of the Classes and appointing his attorneys as Class Counsel;

56. An award of actual and statutory damages to be paid into a common fund for the benefit of Plaintiff and the Classes;

57. An order declaring that Defendant's actions, as set out above, violate the TCPA.

58. A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

59. An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

60. An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Classes;

61. An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

62. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

63. Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**JACOB HORN**, individually and on behalf of Classes of similarly situated individuals

Dated: September 13, 2017         By:   /s/Stefan Coleman
                                           One of Plaintiff's Attorneys

                                  Stefan Coleman (FL 0030188)
                                  law@stefancoleman.com
                                  LAW OFFICES OF STEFAN COLEMAN, P.A.
                                  201 S. Biscayne Blvd., 23rd floor
                                  Miami, FL 33131
                                  Telephone: (877) 333-9427
                                  Facsimile: (888) 498-8946

                                  Manuel S. Hiraldo (FL 0030380)
                                  mhiraldo@hiraldolaw.com
                                  HIRALDO P.A.
                                  401 E. Las Olas Blvd., Ste. 1400
                                  Fort Lauderdale, FL 33301
                                  Telephone: (877) 333-9427
                                  Facsimile: (888) 498-8946

                                  Attorneys for Plaintiff and the Putative Classes