# EXHIBIT 1

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement") is made and entered into as of the date last signed below, by and between (1) Plaintiffs Jacob Horn and Robert Vetter ("Plaintiffs"), individually and on behalf of the Settlement Class, and (2) Defendant, iCan Benefit Group, LLC ("iCan"), subject to preliminary and final approval as required by Rule 23 of the Federal Rules of Civil Procedure.

## I.      **Recitals**

1.      On September 13, 2017, Plaintiffs Jacob Horn and Robert Vetter, individually and behalf of all others similarly situated, filed the Action alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227(b)(3)(B), and seeking actual and statutory damages, declaratory judgment, and injunctive relief as set forth in the operative First Amended Complaint filed on October 17, 2017.

2.      Plaintiffs and iCan have identified an estimated 2,517,213 unique telephone numbers who were sent violative text messages, yielding potential exposure to iCan of $3,775,819,500.00, not accounting for additional exposure for multiple text messages.

3.      iCan is without the financial means to satisfy such a judgment or to fund a reasonable class-wide settlement.

4.      Liberty International Underwriters, Inc. ("Liberty") issued an insurance policy to iCan for the policy period of June 27, 2017 to June 27, 2018, identified as Policy Number PCCB-00234044-01 (the "Policy"), which said Policy has liability limits of $2 million ($2,000,000.00) which covers the claims contained in the Action.

5.      iCan tendered the Action to Liberty seeking coverage under the Policy.  Liberty denied the claim and refused to provide iCan with any defense or indemnity in the Action.

6.      iCan believes that it is entitled to insurance coverage for the Action under the terms of the

Policy.

7.    iCan, as an insured of Liberty, relied on Liberty and its agents to defend, indemnify, and provide coverage for claims such as the Action; further, iCan complied with all of the terms and conditions of the Policy.  Liberty's denial of coverage for the Action left iCan with no choice but to retain counsel to defend and protect itself from exposure to a significant judgment for damages, thereby incurring substantial attorneys' fees and costs.

8.    Liberty's denial of coverage for the Action and failure to defend or indemnify iCan is a breach of Liberty's fiduciary and contractual duty to defend and indemnify its insured, iCan.

9.    Class Counsel has investigated the relevant facts and law relating to the Action and believes that the claims asserted in the Action have merit.  However, Plaintiffs and Class Counsel recognize and acknowledge the time, expense, and risk associated with continued prosecution of the Action against iCan through dispositive motions, class certification, trial, and any subsequent appeals.  Plaintiffs and Class Counsel also have taken into account the uncertainty, difficulties, and delays inherent in litigation.

10.    After considering (1) the benefits to the class, (2) the inability of iCan to satisfy a judgment if Plaintiffs and the class prevail in the Action, (3) the attendant time, expense, risk, uncertainties, and delays of litigation, and (4) the Policy as defined herein, Plaintiffs and Class Counsel have concluded that the terms and conditions provided for in this Agreement are fair and reasonable and in the best interest of the class as a means of resolving the Actions.

11.    iCan recognizes and acknowledges the time, expense, risk, uncertainties, and delays of litigation, the untenable position in which Liberty has placed iCan, and the benefit of a

settlement given the risk of potential significant exposure to iCan, in light of the claims alleged in the Action which could have the potential of bankrupting iCan.

12. The Parties believe that it is in their mutual best interest to resolve the Action by entry of a judgment that will fix the damages at a fair and reasonable amount. This resolution was accomplished in good faith, following arms' length negotiations and with the benefit and advice of the Parties' respective counsel. Accordingly, the Parties voluntarily agree to fully and finally settle the Action in its entirety, while acknowledging that the claims asserted in the Action are disputed. The Parties intend this Agreement to bind Plaintiffs, iCan, and Settlement Class Members.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

**II.** The Recitals set forth above are incorporated herein and are made part of this Agreement.

**III.** **<u>Definitions</u>**

In addition to the terms defined at various points within this Agreement, the following Defined Terms apply throughout this Agreement:

13. "Action" means the action titled *Jacob Horn and Robert Vetter v. iCan Benefit Group, LLC,* S.D. Fla. Case No. 9:17-cv-81027-RLR.

14. "Agreement" means this Class Action Settlement Agreement.

15. "Assignment of Rights" means the assignment of rights between the Parties attached and incorporated into this Agreement as **Exhibit A**.

16.     "Class Counsel" means:

> **Manuel S. Hiraldo, Esq.**
> Hiraldo P.A.
> 401 E. Las Olas Boulevard
> Suite 1400
> Ft. Lauderdale, Florida 33301
> 954-400-4713
>
> **Stefan Coleman, Esq.**
> Law Offices of Stefan Coleman, P.A.
> 201 S. Biscayne Blvd.
> 23rd floor
> Miami, FL 33131
> 877-333-9427

17.     "Class Period" means the period from September 13, 2013 through the date of this

Agreement.

18.     "Class Representatives" means Jacob Horn and Robert Vetter.

19.     "Court" means the United States District Court for the Southern District of Florida, Palm

Beach Division.

20.     "Effective Date" means the fifth business day after which all of the following events have

occurred:

a.      The Court has entered an order and judgment granting final approval to the

Settlement; and

b.      The time for seeking rehearing or appellate or other review has expired, and no

appeal or petition for rehearing or review has been timely filed; or the Settlement

is affirmed on appeal or review without material change, no other appeal or petition

for rehearing or review is pending, and the time period during which further petition

for hearing, review, appeal, or certiorari could be taken has finally expired and

relief from a failure to file same is not available.

21.   "Escrow Account" means the account to be established at an institution to be chosen by Class Counsel consistent with the terms and conditions of this Agreement.

22.   "Escrow Agent" means Kurtzman Carson Consultants LLC ("KCC").  Class Counsel and iCan may, by written agreement, substitute a different organization as Escrow Agent, subject to approval by the Court if the Court has previously approved the Settlement, preliminarily or finally.  In the absence of agreement, either Class Counsel or iCan may move the Court to substitute a different organization as Escrow Agent upon a showing that the responsibilities of Escrow Agent have not been adequately executed by KCC. The Escrow Agent shall administer the Escrow Account.

23.   "iCan" means iCan Benefit Group, LLC.

24.   "Judgment" means the Final Consent Judgment attached and incorporated into this Agreement as **Exhibit B**.

25.   "Liberty" means Liberty International Underwriters, Inc.

26.   "Notice" means the notices of proposed class action settlement that the Parties will ask the Court to approve in connection with the motion for preliminary approval of the Settlement.

27.   "Notice Administrator" means KCC.  Class Counsel and iCan may, by written agreement, substitute a different organization as Notice Administrator, subject to approval by the Court if the Court has previously approved the Settlement preliminarily or finally.  In the absence of written agreement, either Class Counsel or iCan may move the Court to substitute a different organization as Notice Administrator upon a showing that the responsibilities of Notice Administrator have not been adequately executed by KCC.

28.   "Notice Program" means the methods provided for in this Agreement for giving the Notice and consists of Long-Form Notice and Online Notice.  The form of the proposed Long-

Form Notice agreed upon by Class Counsel and iCan, as well as the Online Notice, subject to Court approval and/or modification, are attached as **Composite Exhibit C**.

29. "Opt-Out Period" means the period that begins the day after the earliest date on which the Notice first appears online, and that ends no later than 30 days prior to the Final Approval Hearing. The deadline for the Opt-Out Period will be specified in the Notice.

30. "Parties" means Plaintiffs and iCan.

31. "Plaintiffs" means Jacob Horn and Robert Vetter.

32. "Policy" means the policy of liability insurance iCan maintains with Liberty, Policy Number PCCB-00234044-01 for the policy period of June 27, 2017 to June 27, 2018, which said policy has liability limits of $2 Million ($2,000,000.00).

33. "Preliminary Approval" means the date that the Court enters, without material change, an order preliminarily approving this Agreement in the form jointly agreed upon by the Parties.

34. "Settlement" means the settlement into which the Parties have entered to resolve the Action, as set forth in this Agreement.

35. "Settlement Administrator" means KCC. Class Counsel and iCan may, by written agreement, substitute a different organization as Settlement Administrator, subject to approval by the Court if the Court has previously approved the Settlement preliminarily or finally. In the absence of written agreement, either Class Counsel or iCan may move the Court to substitute a different organization as Settlement Administrator upon a showing that the responsibilities of Settlement Administrator have not been adequately executed by KCC.

36. "Settlement Class" is defined in paragraph 40 hereof.

37.    "Settlement Class Member" means any person included in the Settlement Class as defined in paragraph 40 hereof, who does not timely opt-out of the Settlement.

38.    "Settlement Costs" means all costs incurred by Plaintiffs, the Settlement Class, and Class Counsel in connection with the Action and prosecution of any claims against Liberty, including but not limited to notice and settlement administration costs, expenses advanced by Class Counsel, attorneys' fees awarded to Class Counsel, and any Service Award payable to the Class Representatives.

39.    "Settlement Website" means the website that the Settlement Administrator will establish as soon as practicable following Preliminary Approval as a means for members of the Settlement Class to obtain notice of and information about the Settlement, through and including hyperlinked access to this Agreement, the Long-Form Notice, the order preliminarily approving this Settlement, and such other documents as Class Counsel and iCan agree to post or that the Court orders posted on the website.  These documents shall remain on the Settlement Website at least until Final Approval.  The URL of the Settlement Website shall be www.iCanTCPAsettlement.com or such other URL as Class Counsel and iCan agree upon in writing.  Ownership of the Settlement Website URL shall be transferred to iCan within 10 days of the date on which operation of the Settlement Website ceases.

**IV.**    **<u>Certification of the Settlement Class</u>**

40.    For settlement purposes only, Plaintiffs and iCan agree to ask the Court to certify the following "Settlement Class," consisting of approximately 2.5 million Settlement Class Members, under Rules 23(b)(3) and (e) of the Federal Rules of Civil Procedure:

> All persons in the United States who from a date of four years prior to the filing of the initial Complaint to the present: (1) iCan (or a third person acting on behalf of iCan) sent text messages; (2) to the person's cellular telephone or number assigned to a VOiP line which was, as to the VOiP line, ultimately delivered to either the

person's cellular telephone or some other medium which captures and records a text message and for which the person is charged a fee; (3) for the purpose of selling iCan's products and/or services.

The following are excluded from the Settlement Class: (1) the trial judge presiding over this case; (2) iCan, as well as any parent, subsidiary, or affiliate of iCan, and the officers, directors, agents, representatives, servants, or employees of iCan; (3) any of the Released Parties; (4) the immediate family of any such person(s); (5) any Settlement Class Member who has timely opted out of this proceeding; and (6) Plaintiffs' Counsel and their employees.

## V.    **Judgment**

41.    iCan agrees to the entry of a Judgment against it, attached and incorporated into this Agreement as **Exhibit B**, in the amount of $60,413,112.00 in favor of the Settlement Class, provided, however, that the Judgment may not be satisfied from or executed on any assets or property of iCan, and/or iCan's past, present, or future parents, subsidiaries, divisions, affiliates, officers, directors, employees, members, shareholders, agents, representatives, servants, executors, administrators, heirs, predecessors, assigns, beneficiaries, and successors (except for iCan's claims against Liberty and rights under the Policy, which iCan hereby assigns to Plaintiffs and Settlement Class Members).

42.    The Judgment shall only be satisfied from Liberty.

43.    The Parties agree to this Judgment by way of a settlement that is fair and reasonable to the Parties, following good faith arms-length negotiations and advice of counsel for the Parties.

44.    The Judgment shall be effective as of the Effective Date of this Agreement.

## VI.    **Assignment of Claims Against Liberty and Covenant Not to Execute**

45.    The Parties agree that this Agreement is intended to resolve the claims contained in the Action and that Plaintiffs and Settlement Class Members will accept an assignment of

rights from iCan so that Plaintiffs and Settlement Class Members may pursue the claims and the Judgment against Liberty.

46.   iCan agrees to assign to the Plaintiffs and Settlement Class Members all of iCan's claims against Liberty and rights under the Policy, as set forth in the Assignment of Rights attached and incorporated into this Agreement as **Exhibit A**.

47.   Plaintiffs, Settlement Class Members, and Class Counsel agree not to record the Judgment (excepting necessary docketing in the court file and recording by the Clerk of the Court) in any record book in any jurisdiction of the United States, or in any jurisdiction outside the United States.

48.   Plaintiffs, Settlement Class Members, and Class Counsel agree not to report the Judgment or any alleged failure to satisfy the Judgment to any credit bureau or other similar organizations.

49.   Plaintiffs, Settlement Class Members, and Class Counsel agree not to seek to recover from iCan, and/or iCan's past, present, or future parents, subsidiaries, divisions, affiliates, officers, directors, employees, members, shareholders, agents, representatives, servants, executors, administrators, heirs, predecessors, assigns, beneficiaries, and successors, any sums of money under or on this Judgment, any amendment to the Judgment, or any other judgment arising from the Action.   Plaintiffs, Settlement Class Members, and Class Counsel agree not to execute on, attach, garnish, levy, cause a lien to be placed on, or otherwise acquire any assets or property of iCan, and/or iCan's past, present, or future parents, subsidiaries, divisions, affiliates, officers, directors, employees, members, shareholders, agents, representatives, servants, executors, administrators, heirs, predecessors, assigns, beneficiaries, and successors.  Plaintiffs, Settlement Class Members,

and Class Counsel agree to seek recovery to satisfy the Judgment only from Liberty and not from iCan, and/or iCan's past, present, or future parents, subsidiaries, divisions, affiliates, officers, directors, employees, members, shareholders, agents, representatives, servants, executors, administrators, heirs, predecessors, assigns, beneficiaries, and successors.

50. Notwithstanding the covenant not to record and to forbear execution on the Judgment as set forth above, iCan agrees that the Judgment shall remain in existence and iCan shall remain liable on the Judgment, subject to the limitations on execution contained in this Agreement.  Thus, the intent of the Parties is not a Satisfaction or Release, but to provide iCan with a covenant not to execute, and to reserve all rights that iCan, Plaintiffs, and Settlement Class Members have against Liberty for its failure to defend and provide coverage to iCan and for any insurance company bad faith.

51. After Preliminary Approval and with the Final Approval of the Court, Plaintiffs, Settlement Class Members, and Class Counsel will undertake to prosecute actions to seek recovery to satisfy the Judgment against Liberty.  Plaintiffs, Settlement Class Members, Class Counsel, and iCan recognize and acknowledge the possibility that no recovery may be obtained from Liberty.  Irrespective of any recovery, and should no recovery be realized, Plaintiffs, Settlement Class Members, and Class Counsel agree never to assign, record, report, execute, or seek to satisfy the Judgment from iCan, and/or iCan's past, present, or future parents, subsidiaries, divisions, affiliates, officers, directors, employees, members, shareholders, agents, representatives, servants, executors, administrators, heirs, predecessors, assigns, beneficiaries, and successors.

52. iCan agrees to cooperate fully in the prosecution by Plaintiffs and Settlement Class Members of the claims against Liberty.  In the event Plaintiffs and Settlement Class Members bring an insurance bad faith claim against Liberty, iCan agrees to fully cooperate, and Plaintiffs and Settlement Class Members agree to allow iCan to monitor said bad faith claim and to provide iCan with copies of all court documents filed by Plaintiffs and Settlement Class Members and all court documents filed by Liberty.

53. As part of this Assignment of Rights, any proceeds which Plaintiffs, Settlement Class Members, and/or Class Counsel receive from Liberty, including but not limited to by way of award or settlement, shall be used to reimburse iCan for the attorneys' fees and costs incurred by iCan in defending the Action and entering into this Agreement, including those costs paid by iCan as part of the Notice, and thereafter shall be applied as determined by Plaintiffs and Settlement Class Members.

54. This Agreement is not intended, nor should it be construed, to prejudice any potential claims that Plaintiffs and Settlement Class Members will pursue against any responsible insurer that should have provided coverage.

**VII.** **Initial Notice Costs**

55. Within 30 calendar days of Preliminary Approval of this Agreement, iCan shall advance up to, but not more than, Fifty Thousand Dollars ($50,000.00) in costs and fees of the Notice Administrator (the "Notice Costs"), by depositing this amount into the Escrow Account.  This advance by iCan shall be the full extent of iCan's contribution towards the Notice Costs.  Class Counsel shall be responsible for supervising the Notice Administrator; however, iCan shall be responsible for payment of the Notice Administrator's invoices up to the amount stated in this paragraph.  Payments shall be made pursuant to a separate

agreement with the Notice Administrator.  Such advance of the Notice Costs shall be repaid to iCan in the event of a successful recovery from Liberty as set forth in paragraph 53.

### VIII.   Preliminary Approval

56.   Upon execution of this Agreement by all Parties, Class Counsel shall promptly move the Court for an Order granting Preliminary Approval of the Settlement ("Preliminary Approval Order").  The proposed Preliminary Approval Order that will be attached to the motion shall be in a form agreed upon by Class Counsel and iCan.

### IX.   Notice Administrator / Escrow Agent

57.   KCC shall administer various aspects of the Settlement as described herein and perform such other functions as are specified elsewhere in this Agreement, including, but not limited to:

  i.   effectuating the Online Notice Program;

  ii.   establishing and maintaining the Settlement Website;

  iii.   establishing and maintaining a post office box for requests for exclusion from the Settlement Class;

  iv.   Establishing and maintaining the Escrow Account;

  v.   providing weekly reports about the Notice Plan and number and identity of opt-outs (if any) to Class Counsel and iCan's counsel;

  vi.   establishing and maintaining an automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries;

  vii.   processing all requests for exclusion from the Settlement Class; and

  viii.   at Class Counsel's request in advance of the Final Approval Hearing, preparing an affidavit to submit to the Court that identifies each Settlement Class Member who timely and properly requested exclusion from the Settlement Class.

## X.   <u>Notice to the Settlement Class</u>

58.     Upon Preliminary Approval of the Settlement, at the direction of Class Counsel, the Notice Administrator shall implement the Notice Program provided herein, using the forms of Notice approved by the Court in the Preliminary Approval Order.  The Notice shall initially include, among other information: a description of the material terms of the Settlement, including a date by which Settlement Class Members may exclude themselves from or "opt-out" of the Settlement Class; a date by which Settlement Class Members may object to the Settlement; the date upon which the Final Approval Hearing is scheduled to occur; and the address of the Settlement Website at which Settlement Class Members may access this Agreement and other related documents and information.  Class Counsel and iCan shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order.

59.     Notices and online banner advertisements provided under or as part of the Notice Program shall not bear or include the iCan logo or trademarks or the return address of iCan, or otherwise be styled to appear to originate from iCan.  Ownership of the Settlement Website URL shall be transferred to iCan within 10 days of the date on which operation of the Settlement Website ceases, which shall be one year following distribution of the Net Settlement Fund to Settlement Class Claimants, or such other date as Class Counsel and iCan may agree upon in writing.

60.     The Notice shall include a procedure for Settlement Class Members to opt-out of the Settlement Class.  A Settlement Class Member may opt-out of the Settlement Class at any time during the Opt-Out Period.  Any Settlement Class Member who does not timely and

validly request to opt-out shall be bound by the terms of this Agreement.

61.    The Notice shall include a procedure for Settlement Class Members to object to the Settlement.  Objections to the Settlement must be mailed to the Clerk of the Court, Class Counsel, and iCan's counsel.  For an objection to be considered by the Court, the objection must be submitted no later than the last day of the Opt-Out Period, as specified in the Notice.  If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope, mailed first-class postage prepaid and addressed in accordance with the instructions.  If submitted by private courier (*e.g.*, FedEx), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

62.    The Parties will include in the motion for Preliminary Approval and draft order the following recommendations to the Court for the requirements for any objections to be valid and considered by the Court:

   a.   the name of the Action;

   b.   the objector's full name, address and telephone number;

   c.   an explanation of the basis upon which the objector claims to be a Settlement Class Member;

   d.   all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

   e.   the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such an objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were

issued by the trial and appellate courts in each listed case;

f.  the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

g.  a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections made by individuals or organizations represented by that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years the objector's counsel;

h.  any and all agreements that relate to the objection or the process of objecting— whether written or oral—between objector or objector's counsel and any other person or entity;

i.  the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

j.  a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

k.  a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

l.  the objector's signature (an attorney's signature is not sufficient).

63. Notice shall be provided to Settlement Class Members in two different ways: Online Notice and Long-Form Notice on the Settlement Website.

64. The Notice Administrator shall administer the Online Notice Program. The Notice Administrator shall provide Class Counsel and iCan with an affidavit that confirms that

Online Notice was given in accordance with the Online Notice Program.  Class Counsel shall file that affidavit with the Court as an exhibit to or in conjunction with Plaintiff's motion for final approval of the Settlement.

65.   If the Court does not approve any of the notice provisions set forth in this Agreement, the remaining provisions of this Agreement will remain in full force and effect, and Plaintiffs and Class Counsel will amend the notice provisions until receipt of the Court's approval.

66.   Within the parameters set forth in this Agreement, further specific details of the Notice Program shall be subject to the agreement of Class Counsel and iCan.

**XI.    Disputed Claims**

67.   iCan continues to deny its liability for the claims alleged in the Action, but iCan has agreed to enter into this Agreement to avoid the time, expense, risk, uncertainties, and delays of litigation, and to be completely free of any further claims that were asserted or could have been asserted in the Action.

68.   Class Counsel believes that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly and time-consuming litigation, and the likelihood of success on the merits of the Action.  Class Counsel fully investigated the facts and law relevant to the merits of the claims, and conducted discovery.

69.   Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class.

70.   The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims.  No action taken by the Parties either previously or in

connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability or wrongdoing of any kind whatsoever.

71.     Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of iCan; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of iCan, in the Action or in any proceeding in any court, administrative agency or other tribunal.

72.     In addition to any other defenses iCan may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding that may be instituted, prosecuted or attempted in breach of this Agreement.

**XII.   <u>Satisfaction of Judgment/No Release</u>**

73.     This Agreement is not and shall not operate as a release of iCan and is intended by the Parties to be valid and enforceable pursuant to *Coblentz v. American Surety Company of New York*, 416 F. 2d 1059 (5th Cir. 1969) and its progeny, including *Rosen v. FIGA*, 802 So. 2d 291 (Fla. 2001) and *Wachovia Insurance Services, Inc. v. Toomey*, 994 So. 2d 980 (Fla. 2008) (answering certified question from the 11th Circuit Court of Appeals).  The Parties further agree that this Agreement is made in accord with the holdings therein, obligating the Parties to take the necessary steps to comply therewith.  Therefore, in

compliance with the above-cited case law, only at the conclusion of the breach of contract/declaratory judgment action and, if pursued, the insurance bad faith action against Liberty, by settlement or otherwise, will Plaintiffs and Settlement Class Members execute and deliver to iCan a satisfaction of the Judgment.

**XIII.**   **Representation of All Potential Insurance Coverage**

74.   iCan represents that it has reported the claims of Plaintiffs and Settlement Class Members to all of iCan's insurers which iCan reasonably believes provided coverage for the subject claims.  If it is discovered that iCan has failed to report these claims to any of its insurers which iCan reasonably believes provided coverage for the subject claims, Plaintiffs and Settlement Class Members may declare this Agreement null and void by giving iCan 30 days' notice that Plaintiffs and Settlement Class Members will pursue recovery on the Judgment against iCan directly.

**XIV.**   **Miscellaneous Provisions**

75.   Cooperation and Declaration by iCan.   iCan agrees to fully cooperate to effect the consummation of this Agreement, including the execution of a declaration attesting to its financial inability to satisfy a judgment or verdict in this case or otherwise fund a class settlement. The declaration will also contain a representation by iCan regarding its inability to pay any substantial amount towards Notice Costs. The declaration will be used in support of Plaintiffs' Motion for Preliminary Approval and Motion for Final Approval, but shall be kept confidential and will not be filed with the Court.

76.   Cooperation of Parties.  The Parties agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.  This

obligation of the Parties to support and complete the Settlement shall remain in full force and effect regardless of events that may occur.

77.   <u>Integration</u>.  This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof.  No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party, except as provided for herein.

78.   <u>Modification and Amendment</u>.  This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and counsel for iCan and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

79.   <u>No Conflict Intended</u>.  Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

80.   <u>No Third Party Beneficiaries</u>.  This Agreement is solely for the benefit of Plaintiffs, Settlement Class Members, and iCan, and their heirs or successors.  No other parties shall be deemed a third party beneficiary of this Agreement nor shall any other party have the right to enforce the terms of this Settlement.

81.   <u>Attorneys' fees</u>.  In any action brought to enforce the terms of this Agreement, the prevailing party shall be entitled to recover all attorneys' fees and court costs incurred. Venue for all purposes of this Agreement shall be in Palm Beach County Circuit Court.

82.   <u>Severability</u>.  In the event any term or provision of this Agreement is deemed to be unenforceable by any court of competent jurisdiction, such term or provision shall be given its nearest legal meaning, or be deemed stricken as such judicial authority shall determine, and all other terms and provisions of this Agreement shall remain in full force and effect.

83.   <u>Interpretation</u>.  This Agreement and the exhibits hereto have been negotiated at arm's

length by the Parties.  The Parties agree that the terms of this Agreement and its exhibits shall not be more strictly construed against either party due to the such document being drafted by counsel for one of the Parties, it being recognized that the Parties have materially participated in the drafting of this Agreement and have had the benefit of legal counsel to negotiate the terms of this Agreement.

84.   <u>Governing Law</u>.  Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the State of Florida, without regard to the principles thereof regarding choice of law.

85.   <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts.  Original signatures are not required.  Any signature submitted by facsimile or through email of a PDF shall be deemed an original.

86.   <u>Jurisdiction</u>.  The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties.  The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement.

87.   <u>Notices</u>.  All notices to Class Counsel provided for herein, shall be sent by email with a hard copy sent by overnight mail to:

> **Manuel S. Hiraldo, Esq.**
> Hiraldo PA
> 401 E. Las Olas Boulevard
> Suite 1400

Ft. Lauderdale, Florida 33301
954-400-4713
mhiraldo@hiraldolaw.com

All notices to iCan, provided for herein, shall be sent by email with a hard copy sent by

overnight mail to:

**Gary Dunkel, Esq.**
Fox Rothschild LLP
777 South Flagler Drive 17th Floor West Tower
West Palm Beach, FL 33401
561-804-4444
gdunkel@foxrothschild.com

The notice recipients and addresses designated above may be changed by written notice.

88.    <u>No Waiver</u>.  The waiver by any Party of any breach of this Agreement by another Party

shall not be deemed or construed as a waiver of any other breach, whether prior,

subsequent, or contemporaneous, of this Agreement.

89.    <u>Authority</u>.  Class Counsel (for Plaintiffs and Settlement Class Members), and counsel for

iCan (for iCan), represent and warrant that the persons signing this Agreement on their

behalf have full power and authority to bind every person, partnership, corporation or entity

included within the definitions of Plaintiffs, Settlement Class Members, and iCan to all

terms of this Agreement.  Any person executing this Agreement in a representative capacity

represents and warrants that he or she is fully authorized to do so and to bind the Party on

whose behalf he or she signs this Agreement to all of the terms and provisions of this

Agreement.

90.    <u>Independent Investigation and Decision to Settle</u>.  The Parties understand and acknowledge

that they: (a) have performed an independent investigation of the allegations of fact and

law made in connection with this Actions; and (b) that even if they may hereafter discover

facts in addition to, or different from, those that they now know or believe to be true with

respect to the subject matter of the Actions as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement.  It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

91.    <u>Receipt of Advice of Counsel</u>.  Each Party acknowledges, agrees, and specifically warrants that he, she or it has fully read this Agreement, received independent legal advice with respect to the advisability of entering into this Agreement and the legal effects of this Agreement, and fully understands the effect of this Agreement.

(signatures on following page)

Date: _____        _____
                                             Jacob Horn
                                             *Plaintiff*


Dated: _____         _____
                                             Robert Vetter
                                             *Plaintiff*


Dated: _____         _____
                                             iCan Benefit Group, LLC
                                             *Defendant*


Dated: _____         _____
                                             Gary Dunkel
                                             *Counsel for iCan Benefit Group, LLC*


Dated: _____         _____
                                             Manuel S. Hiraldo
                                             *Counsel for Plaintiffs and the Class*

Date: _____02/13/2018_____

_____
Jacob Horn
*Plaintiff*

Dated: _____

_____
Robert Vetter
*Plaintiff*

Dated: _____2/14/2018_____

_____
iCan Benefit Group, LLC
*Defendant*   by Timothy J. Moore
              Executive VP and
              General Counsel

Dated: _____2/14/2018_____

_____
Gary Dunkel
*Counsel for iCan Benefit Group, LLC*

Dated: _____2/13/2018_____

_____
Manuel S. Hiraldo
*Counsel for Plaintiffs and the Class*

Page 23 of 23

Date: _____

_____
Jacob Horn
*Plaintiff*

Dated: __02/13/2018_____

_____
Robert Vetter
*Plaintiff*

Dated: _____

_____
iCan Benefit Group, LLC
*Defendant*

Dated: _____

_____
Gary Dunkel
*Counsel for iCan Benefit Group, LLC*

Dated: __2/13/2018_____

_____
Manuel S. Hiraldo
*Counsel for Plaintiffs and the Class*

Doc ID: 67dbad34ee0850c0f5739ac2f3e91437f50e1db9