UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-cv-81027-RLR

JACOB HORN and ROBERT VETTER
individually and on behalf of all
others similarly situated,                                    **CLASS ACTION**

      Plaintiffs,                                                **JURY TRIAL DEMANDED**

v.

iCAN BENEFIT GROUP, LLC, a Florida
limited liability company,

      Defendant.
_____/

**ORDER GRANTING FINAL
APPROVAL TO CLASS ACTION SETTLEMENT**

On March 3, 2018, this Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement between Plaintiffs Jacob Horn and Robert Vetter, on behalf of themselves and all members of the Settlement Class,[1] and Defendant iCan Benefit Group, LLC ("iCan" or "Defendant")) (collectively, the "Parties"). The Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the Settlement Class Members, and set a Final Approval Hearing to take place on June 12, 2018 at 2:30 p.m. On June 12, 2018 at 2:30 p.m., the Court held a duly noticed Final Approval Hearing.

The Court finds that:

    a.    Plaintiffs and iCan have identified an estimated 2,517,213 unique telephone numbers who were sent violative text messages.

---

[1] Unless otherwise defined, capitalized terms in this Order have the definitions found in the Settlement Agreement.

  b.  Liberty International Underwriters, Inc. ("Liberty") issued an insurance policy to iCan for the policy period of June 27, 2017 to June 27, 2018, identified as Policy Number PCCB-00234044-01 (the "Policy"), which said Policy has liability limits of $2 million ($2,000,000.00) which covers the claims contained in the Action.

  c.  iCan tendered the Action to Liberty seeking coverage under the Policy and Liberty denied the claim.

  d.  iCan is without the financial means to satisfy such a judgment or to fund a reasonable class-wide settlement.

  e.  Pursuant to the Settlement Agreement, iCan assigned its rights under the Policy to the Class Members.

  f.  On March 5, 2018, the Court entered a Final Consent Judgment (the "Judgment") against iCan in the amount of $60,413,112.00.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

## I. JURISDICTION OF THE COURT

1. The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and to enter this Final Order. Without in any way affecting the finality of this Final Order, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order, and for any other necessary purpose.

2. The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Litigation" or the "Action") and of the strengths and weaknesses of their respective positions. The Settlement

Agreement was reached after the Parties had engaged in extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

## II. CERTIFICATION OF SETTLEMENT CLASS

4. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement:

> All persons in the United States who from a date of four years prior to the filing of the initial Complaint to the present: (1) iCan (or a third person acting on behalf of iCan) sent text messages; (2) to the person's cellular telephone or number assigned to a VOiP line which was, as to the VOiP line, ultimately delivered to either the person's cellular telephone or some other medium which captures and records a text message and for which the person is charged a fee; (3) for the purpose of selling iCan's products and/or services.

Specifically excluded from the Settlement Class are the following Persons: Defendant and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and each of their respective immediate family members; Class Counsel and Counsel for iCan; and the Judges who have presided over the Litigation and any related cases; and all persons who file a timely and proper request to be excluded from the Settlement Class in accordance with the Settlement Agreement.

### III.  APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

5. The Court finally appoints attorneys Manuel S. Hiraldo of Hiraldo P.A. and Stefan Coleman of the Law Offices of Stefan Coleman, P.A. as Class Counsel for the Settlement Class.

6. The Court finally designates Plaintiffs as the Class Representatives.

### IV.  NOTICE AND CLAIMS PROCESS

7. The Court makes the following findings on notice to the Settlement Class:

(a) The Court finds that the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b)     The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Order (i) constitute the most effective and practicable notice of the Final Order, the relief available to Settlement Class Members pursuant to the Final Order, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.

## V.    RECOVERY FROM LIBERTY

8.    Pursuant to the Settlement Agreement, upon entry of this Final Approval Order Plaintiffs, Class Members, and Class Counsel shall exercise their best efforts in attempting to collect on the balance of the Judgment from Liberty.

9.    If Plaintiffs and the Class are able to recover from Liberty, Plaintiffs shall file with the Court a second motion for preliminary approval requesting approval of (1) proposed distributions from the Settlement Fund to Class Members, (2) a request for incentive awards to the Class Representatives, (3) an award of attorneys' fees and costs, and (4) a plan for additional notice to the Class Members.

10.    Class members will have an additional opportunity to opt-out or object to the proposed distributions, incentive awards, additional notice plan, and/or attorneys' fees and costs.

## V.    FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

11.    The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate.  The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

## VI.     EFFECT ON CLASS MEMBER CLAIMS

12. Upon entry of this Final Approval Order, except for those members of the Settlement Class who timely and properly filed a request for exclusion, all members of the Settlement Class are deemed to be Settlement Class Members for all purposes under the Settlement Agreement and are bound by its terms.

13. Upon entry of this Final Approval Order, the Court enjoins all members of the Settlement Class, unless they have timely excluded themselves from the Settlement Class, from (a) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation; (b) filing, commencing, participating in, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class ce1iification in a pending action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation; and (c) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation.

14. Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by iCan and Class Counsel as a result of the violation. This Order is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

### IX.   OTHER PROVISIONS

15.   Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

16.   In the event that the Effective Date does not occur, this Final Order shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered in connection herewith shall be null and void.

17.   In the event that the Effective Date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Litigation.

**DONE** and **ORDERED** at West Palm Beach, Florida, this 12th day of June, 2018.

_____
ROBIN L. ROSENBERG
U.S. DISTRICT COURT JUDGE

Copies furnished to: Counsel of Record